IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUVEY DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-683-O-BN |
| | § | |
| EVELYN DAVIS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Guvey Davis, appearing *pro se*, against his former wife. On February 11, 2013, Plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis* and a motion to appoint counsel. *See* Dkt. Nos. 3, 4, & 6.

Plaintiff's entire complaint reads:

> When I was marry [sic] to my now ex-wife Evelyn Davis we paid for a house together on 2300 Lexington Blvd in Arlington TX 75231. Together now that we are divoce [sic] I would like my share out of the house and to sell the house[.]

Dkt. No. 3 at 1. Plaintiff's civil cover sheet indicates that he lives in an apartment in

Arlington, Texas, and that Defendant Evelyn Davis lives in the residence on Lexington Boulevard. *See id.* at 2.

The undersigned now determines that Plaintiff has not alleged any facts giving rise to venue in the Dallas Division and recommends that this case be transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1406(a).

## Legal standards

A civil action wherein jurisdiction is not founded solely on diversity of citizenship must be brought in the judicial district and division where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," *id.* § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

## Analysis

It appears that a substantial part, if not all, of the events or omissions giving rise to Plaintiff's claims occurred in Arlington, Texas, which is located in Tarrant County and within the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). Without expressing a view as to whether Plaintiff has sufficiently

alleged or can sufficiently allege subject-mater jurisdiction in federal district court, the undersigned recommends that this case be transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1406(a) because Plaintiff has not alleged any facts giving rise to venue in the Dallas Division.

## Recommendation

Plaintiff's case should be transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 12, 2013

                                                                                           _____
                                                                                           DAVID L. HORAN
                                                                                          UNITED STATES MAGISTRATE JUDGE